Nos. 25-5109, 25-6193, 25-6196, 25-6212

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

CENTER FOR BIOLOGICAL DIVERSITY, et al.,
*Plaintiffs-Appellees*,

v.

UNITED STATES FISH AND WILDLIFE SERVICE, et al.,
*Defendants-Appellants*,

and

SPORTSMEN'S ALLIANCE FOUNDATION, et al.,
*Defendant-Intervenors-Appellants*.

---

On Appeal From The United States District Court
For the District of Montana, Nos. 9:24-cv-0086, 9:24-cv-0087, and 9:24-cv-0097
(Honorable Donald W. Molloy)

---

**FEDERAL DEFENDANTS-APPELLANTS'
UNOPPOSED MOTION FOR EXTENSION**

---

This case arises from challenges to the Federal Defendants' finding, on February 7, 2024, that listing gray wolves in the western United States as threatened or endangered under the Endangered Species Act was unwarranted. On August 5, 2025, the district court granted judgment in favor of Plaintiffs and against Federal Defendants and Defendant-Intervenors, vacating in part and remanding in part the

1

2024 finding. Federal Defendants and Defendant-Intervenors subsequently filed notices of appeal from that decision.

Upon a joint motion of the parties, the Court previously entered the following briefing schedule:

| Opening briefs of Federal Defendants and Defendant-Intervenors | February 27, 2026 |
|---|---|
| Answering briefs of Plaintiffs-Appellees | April 24, 2026 |
| Reply briefs of Federal Defendants and Defendant-Intervenors | May 28, 2026 |

Federal Defendants now move the Court for an extension and request that the deadline for filing all opening briefs be extended by six weeks to **April 10, 2026**. Undersigned counsel has conferred with all parties in this matter and no party objects to the requested extension. Counsel for Plaintiffs-Appellees, however, request that their answering brief deadline be reset for **June 12, 2026**. Per the time periods set forth in the original briefing schedule, optional reply briefs of the Federal Defendants and Defendant-Intervenors would then be due on July 16, 2026.

The Court may grant a motion for an extension of time upon a showing of good cause. Fed. R. App. P. 26(b). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The attached declaration of undersigned counsel explains in detail the good cause for this extension. Briefly,

2

good cause exists for this motion because the Solicitor General has not yet authorized appeal in this case, as discussed further in the attached declaration. Additional time is warranted to allow the Solicitor General to make that decision, as well as to allow the government to prepare and finalize an opening brief if an appeal is authorized.

For these reasons and those in the attached declaration, the Federal Defendants respectfully request that the deadline for all opening briefs be extended to April 10, 2026, and that answering briefs be due on June 12, 2026.

Respectfully submitted this thirteenth day of February,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

*/s/ Emily Polachek*
EMILY A. POLACHEK
Environment & Natural Resources Division
U.S. Department of Justice
5600 American Blvd W, Suite 650
Bloomington, MN 55437
(202) 598-9344
emily.polachek3@usdoj.gov
*Attorneys for Federal Defendants*

**DECLARATION OF COUNSEL
IN SUPPORT OF UNOPPOSED MOTION FOR EXTENSION OF TIME**

I, Emily A. Polachek, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am an attorney in the Appellate Section, Environment and Natural Resources Division, U.S. Department of Justice. I am lead counsel for the United States in this appeal, and I am principally responsible for preparing the United States' opening brief.

2.      Under the current briefing schedule, the appellants' opening briefs are due February 27, 2026.  If the motion is granted, all opening briefs will be due April 10, 2026.

3.      The Solicitor General has not yet made a decision regarding whether to pursue this appeal. A six-week extension is warranted to give him sufficient time to provide thoughtful consideration regarding whether and what issues to appeal, which is desirable as a matter of public policy, *United States v. Mendoza*, 464 U.S. 154, 161 (1984) (discussing the federal government's unique considerations taken into account by the Solicitor General in deciding whether to appeal adverse decisions), and to provide sufficient time for me to complete a brief in this complex case.

4.      The Solicitor General is a high-level official within the Department of Justice appointed by the President.  *See* 28 U.S.C. § 505.  In addition to conducting all litigation before the Supreme Court in which the federal government has an

4

interest, the Solicitor General is also responsible for determining whether, and to what extent, the United States will pursue an appeal in every case in which the federal government receives an adverse judgment. *See* 28 C.F.R. § 0.20(a), (b).

5. The internal administrative process leading up to the Solicitor General's decision for appeal requires preparation of recommendations by the relevant agencies (here, the U.S. Department of the Interior and U.S. Department of Commerce), as well as the relevant ENRD sections (here, the Wildlife & Marine Resources Section and the Appellate Section). These recommendations are then submitted to ENRD's Principal Deputy Assistant Attorney General for his consideration. The entire matter is then submitted to the Office of the Solicitor General, where it is typically reviewed as an initial matter by an Assistant to the Solicitor General, who prepares another written recommendation. After review and further written comments by a Deputy Solicitor General, the matter is placed before the Solicitor General who makes the final decision regarding participation in the appeal.

6. Deliberation in this case is ongoing and, as of the date of this motion, the Solicitor General has not made a final decision regarding participation in the appeal.

7. Should the Solicitor General determine that appeal in this case is warranted, I would also need additional time to complete a draft opening brief. An opening brief would need to be comprehensively reviewed by a variety of officials within the federal government, which includes review by multiple supervisors, attorneys in other sections of ENRD and in the Office of the Assistant Attorney General, as well by the U.S. Department of the Interior and the U.S. Department of Commerce. An orderly review process generally requires completion of the draft brief approximately 14 days before it is due to be filed with the Court.

8. Additional time for the process for deciding whether to appeal and for the preparation and finalization of an opening brief is also warranted due to the complex and novel issues presented by this case. The case involves matters of first impression and extensive and complex scientific materials. Additional time for consideration is warranted in these circumstances.

9. Despite the exercise of diligence, I am unable to file the answering brief by the current deadline due to other personal and professional obligations. I am responsible for several other pending matters that require significant time and attention, and cannot be reassigned due to our staffing resources. In these other cases, I have also either already sought an extension or am unable to do so because of the posture of the case. I will also be out of the office on prescheduled leave for

another obligation for several days in February, and that travel cannot be rescheduled.

10.     Counsel for the other Appellants do not oppose this extension request, but ask that the deadline for all opening briefs be extended to April 10, 2026.

11.     Counsel for Plaintiffs-Appellees do not oppose this extension, but ask that the deadline for filing answering briefs be reset to June 12, 2026.

12.     The court reporter is not in default with regard to any designated transcripts.

I declare under penalty of perjury that the above is true and correct.  Executed February 13, 2026.

/s/ *Emily Polachek*

EMILY A. POLACHEK
*Attorney*
Environment and Natural Resources Division
U.S. Department of Justice
5600 American Blvd. W, Suite 650
Bloomington, MN 55437
(202) 598-9344
emily.polachek3@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system, which will serve the document on the other participants in this case.

/s/ Emily Polachek
EMILY A. POLACHEK
U.S. Department of Justice
Env't & Natural Resources Div.
5600 American Blvd W, Ste. 650
Bloomington, MN  55437
(202) 598-9344
emily.polachek3@usdoj.gov